Francis J. O'Reilly (fo0473)
Francis J. O'Reilly, Esq.
Attorneys for the plaintiff
10 McMahon Place
Mahopac, NY 10541
(845) 621-1255
foreilly@verizon.net



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Julie Rinaldi, | Complaint Under Fair Debt Collection Practices Act |
| Plaintiff, | |
| v. | TRIAL BY JURY DEMANDED |
| | Civil Action No.____ |
| Green Tree Servicing LLC, | |
| Defendant. | 14 CIV. 8351 |
| | JUDGE BRICCETTI |

1. This is an action for actual and statutory damages brought by Plaintiff Julie Rinaldi, (hereinafter "Rinaldi") an individual consumer against Defendant Green Tree Servicing LLC (hereinafter "Green Tree") for violations of the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in the Southern District of New York is proper in that the

defendants transact business here and the conduct Complained of occurred here.

3. Plaintiff Rinaldi is a natural person residing in the Town of Carmel, Putnam County, New York.

4. Defendant, Green Tree, is a foreign (Delaware) Limited Liability Company.

5. Defendant Green Tree is engaged in the business of servicing consumer mortgages.

6. Defendant Green Tree maintains its principal place of business at 345 Saint Peter Street, St. Paul, MN.

7. Defendant Green Tree is authorized to do business in the State of New York

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

9. Defendants regularly attempts to collect consumer debts alleged to be due to another.

10. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

11. Plaintiff has pledged her primary residence, a house, to secure a debt by executing a mortgage on July 12, 2004.

12. Green Tree alleges in a foreclosure complaint that they are now holders of the mortgage executed by the plaintiff on July 12, 2004.

13. Green Tree alleges in a foreclosure complaint that it came into possession of the mortgage on May 29, 2014.

14. Green Tree alleges that on May 29, 2014, the note secured by what it believes to be its mortgage was in default.

15. On September 3, 2014 Green Tree filed a foreclosure complaint and a notice of pendency seeking to enforce a mortgage on the plaintiff's residence.

16. The debt underlying the mortgage is a consumer debt.

## FOR A FIRST CAUSE OF ACTION

17. Plaintiff repeats and alleges and incorporates by reference the foregoing paragraphs.

18. Green Tree misidentified the property that it is seeking to foreclose on in the foreclosure complaint referenced in paragraph 15.

19. The misidentification of the property is an untrue representation made to the plaintiff.

20. The untrue representation violated 15 USC §1692e(10).

21. As a result of the untrue representation, the plaintiff suffered damages.

22. The defendant is liable to the plaintiff for damages under 15 USC §1692k(d).

## FOR A SECOND CAUSE OF ACTION

23. Plaintiff repeats and alleges and incorporates by reference the foregoing paragraphs.

24. Green Tree misidentified the property that it is seeking to foreclose on in the foreclosure notice of pendency referenced in paragraph 15.

25. The misidentification of the property is an untrue representation made to the plaintiff.

26. The untrue representation violated 15 USC §1692e(10).

27. As a result of the untrue representation, the plaintiff suffered damages.

28. The defendant is liable to the plaintiff for damages under 15 USC §1692k(d).

## FOR A THIRD CAUSE OF ACTION

29. Plaintiff repeats and alleges and incorporates by reference the foregoing paragraphs.

30. The mortgage on the defendant's residence was improperly assigned to Green Tree's predecessor in interest.

31. As a result of the improper assignment, Green Tree does not have ownership of the mortgage.

32. Green Tree failed to use due diligence in acquiring the mortgage.

33. Green Tree should have known that it does not own the mortgage.

34. Green Tree lacks standing to commence a foreclosure action against the plaintiff.

35. The commencement of an action to foreclose a mortgage where a creditor is an untrue representation made to the plaintiff and to the court.

36. The untrue representation violated 15 USC §1692e(10).

37. As a result of the untrue representation, the plaintiff suffered damages.

38. The defendant is liable to the plaintiff for damages under 15 U.S.C §1692k(d).

## FOR A FOURTH CAUSE OF ACTION

39. The plaintiff has brought an action based upon a note that was issued to a non-existent entity.

40. The commencement of an action based upon a note payable to a non-existent entity is an untrue representation.

41. The untrue representation violated 15 USC §1692e(10).

42. As a result of the untrue representation, the plaintiff suffered damages.

43. The defendant is liable to the plaintiff for damages under 15 U.S.C. § 1692k(d).

## FOR A FIFTH CAUSE OF ACTION

44. The debt underlying the alleged mortgage in the captioned action has been discharged in bankruptcy.

45. At the time that the plaintiff filed her bankruptcy proceeding, the debt was wholly unsecured.

46. The plaintiff has received a discharge of her debts in bankruptcy.

47. The plaintiff is attempting to collect a debt that has been discharged in bankruptcy

48. As a result of the debt being wholly unsecured, the mortgage fails as a mortgage without a underlying debt is void.

49. For the foregoing reasons, the foreclosure action is frivolous.

50. As a result of the frivolous action the plaintiff has suffered damages.

51. The defendant is liable to the plaintiff for damages under 15 U.S.C. §1692k(d).

52. The defendant has violated the discharge injunction issued under 11 U.S.C. §524(2).

53. The defendant is liable to the plaintiff for damages under 11 U.S.C. §105 which grants the court the power to issue such orders as may be necessary to carry out the provisions of the Bankruptcy Code.

WHEREFORE, Plaintiff Julie Rinaldi respectfully requests that judgment be entered against Defendant Green Tree for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA; and

B. Actual damages; and

C. Statutory damages pursuant to 15 U.S.C. §1692k; and

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. §§1692k ; and

E. An order enjoining the defendant from prosecuting a foreclosure action against the plaintiff.

F. For such other and further relief as the Court may deem just and proper.

Dated: Mahopac, NY
October 17, 2014

Respectfully submitted,

Francis J. O'Reilly, Esq. (fo0473)
Attorney for Plaintiffs
10 McMahon Place
Mahopac, NY 10541
(845) 621-1255
foreilly@verizon.net

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Julie Rinaldi demands trial by jury in this action.

Francis J. O'Reilly, Esq. (fo0473)
Attorney for Plaintiff
10 McMahon Place
Mahopac, NY 10541
(845) 621-1255
foreilly@verizon.net