UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JULIE RINALDI,                                          :
               Plaintiff,                             :
                                                   :      **MEMORANDUM DECISION**
v.                                                      :
                                                   :      14 CV 8351 (VB)
GREEN TREE SERVICING LLC,                               :
               Defendant.                             :
--------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Julie Rinaldi brings this action against defendant Green Tree Servicing LLC, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Bankruptcy Code's discharge injunction, 11 U.S.C. § 524(a)(2).

       Before the Court is defendant's motion to dismiss. (Doc. #8).

       For the following reasons, the motion is GRANTED in part and DENIED in part.

       The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

       In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor.

       In 2004, plaintiff obtained a loan to purchase her home in Carmel, New York. The loan was secured by a mortgage on the property.

       Plaintiff filed for bankruptcy in 2007. The Bankruptcy Court issued a discharge order in 2008. The discharge order advised plaintiff that a "creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against [a] debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case." (Falzone Decl. Ex. F).[1]

---

[1]   The Court may consider the discharge order in deciding the pending motion to dismiss because that order is integral to plaintiff's claim that defendant violated the discharge injunction.

1

Although plaintiff alleges her debts were discharged in bankruptcy, plaintiff does not allege the mortgage itself was so discharged.

In September 2014, defendant filed a foreclosure action against plaintiff in Supreme Court, Putnam County.  A certificate of merit filed with the foreclosure complaint listed the address of the mortgaged property as 36 Everett Road, Carmel, New York 10512.  Attached as Exhibit A to the certificate of merit were copies of the mortgage, a note agreeing to repay the loan, a loan modification agreement signed by plaintiff in 2008, and three forms documenting assignments of the mortgage—all of which listed the mortgaged property's address as 36 Everett Road, Carmel, New York 10512.  But the foreclosure complaint also attached a one-page document describing a piece of property in Nassau County, New York, to which plaintiff has no connection.  This same document was also attached to the notice of pendency filed concurrently with the foreclosure complaint.  The notice of pendency itself, however, identifies the mortgaged property as 36 Everett Road, Carmel, New York 10512.

At some point, plaintiff retained counsel to represent her in the foreclosure action, which is still pending.

Defendant has not sought a deficiency judgment against plaintiff in that action.

Plaintiff commenced this action in October 2014.  Counts One through Four of the complaint allege defendant violated the FDCPA by:

- Misidentifying the mortgaged property in the foreclosure complaint (i.e., attaching the exhibit describing the Nassau County property) (Count One);

- Misidentifying the mortgaged property in the notice of pendency (i.e., attaching the exhibit describing the Nassau County property) (Count Two);

- Bringing the foreclosure action even though defendant lacked standing to do so, as the mortgage loan was invalidly assigned to defendant (Count Three); and

---

See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

- Bringing the foreclosure action "based upon a note payable to a non-existent entity" (Count Four).  (Compl. ¶ 40).

Count Five alleges defendant, in bringing the foreclosure action, violated the Bankruptcy Code's discharge injunction by attempting to collect a debt that had been discharged in bankruptcy.

## DISCUSSION

I.   Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" announced by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

II.   FDCPA Claims

Plaintiff alleges defendant violated Section 1692e(10) of the FDCPA, which, in relevant part, bars "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."  15 U.S.C. § 1692e(10).

Defendant contends all of plaintiff's FDCPA claims must be dismissed because (i) the FDCPA does not protect consumers, like plaintiff, who were represented by counsel in the legal proceeding in which the alleged FDCPA violation(s) occurred, and (ii) foreclosure is not an act "to collect or attempt to collect" a debt. Defendant also argues Counts One and Two of the complaint must be dismissed because the false representations alleged therein were not material. Defendant makes no materiality argument with respect to Counts Three and Four.

The Court will address these arguments in turn.

A.   The FDCPA and Represented Parties

The Second Circuit has expressed skepticism about whether a misrepresentation made to an attorney representing a consumer in a legal proceeding can give rise to an FDCPA claim. See Kropelnicki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002) ("Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior."). But alleged misrepresentations made in court documents filed before a consumer has retained counsel in the matter can form the basis of an FDCPA claim. See Sykes v. Mel Harris & Assocs., LLC, 757 F. Supp. 2d 413, 424 (S.D.N.Y. 2010) (false statements in affidavits filed before plaintiffs were even served with complaints were sufficient to establish FDCPA claim).

Here, the "false representations" and "deceptive means" identified in the complaint allegedly occurred at the commencement of the foreclosure proceeding. There is no indication plaintiff was represented by counsel when the alleged misrepresentations or deceptive acts occurred. Thus, unlike in Kropelnicki v. Siegel, in this case it cannot be said counsel was "interposed as an intermediary" between plaintiff and defendant at the time of the alleged FDCPA violations. 290 F.3d at 128. That plaintiff at some point retained counsel in the

foreclosure action cannot cure a prior FDCPA violation.  See <u>Arroyo v. Solomn & Solomon, P.C.</u>, 2001 WL 1590520, at *12 (E.D.N.Y. Nov. 16, 2001) ("Defendant has no right under the FDCPA to 'cure' his misrepresentation.").

Accordingly, the Court will not dismiss plaintiff's FDCPA claims on the ground that she retained counsel in the foreclosure proceeding.

B.      <u>Foreclosure As "Debt Collection"</u>

As noted above, Section 1692e(10) prohibits using false representations or deceptive means "to collect or attempt to collect any debt."  15 U.S.C. § 1692e(10).  Defendant contends instituting a foreclosure action is not an act "to collect or attempt to collect any debt."

The Second Circuit has not decided whether mortgage foreclosure constitutes debt collection under the FDCPA.  See <u>Boyd v. J.E. Robert Co., Inc.</u>, 765 F.3d 123, 125 n.3 (2d Cir. 2014).  Other courts have split on this issue.  Compare <u>Glazer v. Chase Home Fin. LLC</u>, 704 F.3d 453, 455 (6th Cir. 2013) ("[W]e hold that mortgage foreclosure is debt collection under the Act.") <u>with</u> <u>Warren v. Countrywide Home Loans, Inc.</u>, 342 F. App'x 458, 460 (11th Cir. 2009) ("[E]nforcement of a security interest through the foreclosure process is not debt collection for purposes of the Act.").

The Court agrees with the reasoning in <u>Glazer</u> and, accordingly, concludes foreclosure is an act to collect or attempt to collect a debt under the FDCPA.  As the Sixth Circuit explained, "[t]o collect a debt or claim is to obtain payment or liquidation of it," and "<u>every</u> mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt."  <u>Glazer v. Chase Home Fin. LLC</u>, 704 F.3d at 461 (citing BLACK'S LAW DICTIONARY 263 (6th ed. 1990) and <u>Heintz v. Jenkins</u>, 514 U.S. 291, 294 (1995)).

The Court therefore will not dismiss plaintiff's FDCPA claims on the ground that mortgage foreclosure is not "debt collection" under the statute.

C.  Materiality of Alleged Misrepresentations in Counts One and Two

Some circuit courts, as well as some district courts in the Second Circuit, have held that the FDCPA prohibits only <u>materially</u> false, deceptive, or misleading practices in the collection of a debt.  <u>See</u>, <u>e.g.</u>, <u>Lane v. Fein, Such and Crane, LLP</u>, 767 F. Supp. 2d 382, 389 (E.D.N.Y. 2011) (collecting cases).  Although the Second Circuit has never expressly read a materiality requirement into the FDCPA, it has observed that an FDCPA claim cannot be based on a plaintiff's "bizarre or idiosyncratic interpretation" of a debt collector's communication or practice.  <u>Jacobson v. Healthcare Fin. Servs., Inc.</u>, 516 F.3d 85, 90 (2d Cir. 2008) (internal quotation marks omitted).  Thus, in this Circuit, only communications or practices that could mislead a reasonable but naïve person—the so-called "least sophisticated consumer"—violate the FDCPA.  <u>Id</u>.

Without deciding whether the FDCPA requires materiality, the Court concludes the misrepresentations alleged in Counts One and Two—defendant's misidentification of the mortgaged property—would not mislead the least sophisticated consumer, who "is neither irrational nor a dolt." <u>Ellis v. Solomon & Solomon, P.C.</u>, 591 F.3d 130, 135 (2d Cir. 2010).

Here, although the foreclosure complaint did attach an exhibit describing a property to which plaintiff had no connection, the other documents filed with the complaint—specifically, the certificate of merit, the mortgage, the note, the loan modification, and the assignment of mortgage forms—made clear the property to be foreclosed on was plaintiff's home in Carmel. The notice of pendency likewise identified plaintiff's home as the property at issue in the

6

foreclosure action. Thus, even the least sophisticated consumer would have understood defendant intended to foreclose on the Carmel property.

Accordingly, Counts One and Two of the complaint are dismissed. Counts Three and Four, however, will proceed, as defendant moved to dismiss those counts only on the grounds that the FDCPA does not protect consumers represented by counsel and that foreclosure is not debt collection, both of which arguments the Court has rejected.

III. Discharge Injunction

The Bankruptcy Code provides that a Bankruptcy Court's discharge order "operates as an injunction against . . . an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). A mortgage foreclosure action generally will not violate the injunction because a mortgage, as distinguished from a note agreeing to repay a loan, is not "a personal liability of the debtor." See Drew v. Chase Manhattan Bank, N.A., 185 B.R. 139, 142 (S.D.N.Y. 1995) ("While a mortgage note represents a personal obligation of the mortgagor, the mortgage is merely security for such obligation."); accord In re Wilson, 492 B.R. 691, 696 (Bankr. S.D.N.Y. 2013) (discharge injunction "only prevents enforcement of personal liability; it does not prevent foreclosure of a mortgage that remains in default after a discharge is issued"). Thus, unless the plaintiff in a foreclosure proceeding seeks a deficiency judgment holding the debtor liable for the unpaid balance (if any) remaining on the loan after the foreclosure sale, the discharge injunction will not bar a foreclosure action. Drew v. Chase Manhattan Bank, N.A., 185 B.R. at 142 ("[A] foreclosure action in which the mortgagee does not seek a deficiency judgment properly may be brought without violating the terms of the debtor's discharge.").

Plaintiff does not allege defendant is seeking a deficiency judgment in the foreclosure action. Nor does the foreclosure complaint so specify.

Accordingly, the discharge order entered in plaintiff's bankruptcy case did not preclude defendant from initiating the foreclosure action. Plaintiff's claim for violation of the discharge injunction is therefore dismissed.

## CONCLUSION

Defendant's motion to dismiss is GRANTED with respect to Counts One, Two, and Five of the complaint, and DENIED with respect to Counts Three and Four.

The Clerk is instructed to terminate the motion. (Doc. #8).

Dated: June 8, 2015
      White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge